

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| ROMAN CLEMENT,<br>　　　　Plaintiff | §<br>§<br>§ |
| vs. | §　CIVIL ACTION NO. 7:22-173-MGL-KFM<br>§ |
| SPARTANBURG STEEL PRODUCTS, INC.,<br>　　　　Defendant. | §<br>§ |

**ORDER ADOPTING THE THREE REPORTS AND RECOMMENDATIONS
AS DETAILED HEREIN**

**I.　　INTRODUCTION**

Plaintiff Roman Clement (Clement) filed this job discrimination employment action against Defendant Spartanburg Steel Products, Inc. (SSP). In Clement's amended complaint, he makes three claims: failure to promote, pay discrimination, and hostile work environment based on his race –all in violation of 42 U.S.C. § 1981. He is self represented.

The matter is before the Court for review of three Reports and Recommendations from the United States Magistrate Judge. In the first (Report I), the Magistrate Judge suggests Clement's § 1981 hostile work claim for the time period February 27, 2020, to February 25, 2022, be allowed to go forward, but his remaining claims be dismissed with prejudice and without issuance and service of process. In the second one (Report II), the Magistrate Judge recommends Clement's two motions to amend his amended complaint be denied. And, in the third Report and Recommendation (Report III), the Magistrate Judge suggests the Court deem as moot SSP's motion to dismiss for lack of jurisdiction.

## II.    STANDARD OF REVIEW

The Reports were made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III.    REPORT I

The Magistrate Judge filed Report I on March 4, 2022, Clement filed his objections on March 16, 2022, and SSP filed its objections on March 30, 3033. The Court has carefully reviewed both Clement's and SSP's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

As the Court noted above, in Report I, the Magistrate Judge suggests Clement's § 1981 hostile work claim for the time period February 27, 2020, to February 25, 2022, be allowed to go forward, but his remaining claims, failure to promote and pay discrimination. be dismissed with prejudice and without issuance and service of process. The Magistrate Judge recommends the Court dismiss those claims on two independent bases: failure to exhaust administrative remedies and failure to state a claim.

 Clement offers three objections to Report I. In his first, he requests to amend his amended complaint. "Although such motions should be granted liberally, a district court may deny leave if amending the complaint would be futile[.]" *United States.ex rel. Wilson v. Kellogg Brown & Root,*

2

*Inc.*, 525 F.3d 370, 376 (4th Cir. 2008).  Because, as explained below, his proposed amendments would be futile, the Court will decline to grant Clement's request to amend.

Second, Clement argues he has satisfied the pleading requirements for his failure to promote and pay discrimination claims.  But, the Court agrees with the Magistrate Judge's conclusion that these two claims are subject to summary dismissal inasmuch as his amended complaint fails to state a plausible racial discrimination claim.

In Clement's objections, he generally presents arguments on this issue the Magistrate Judge has already considered and rejected.  *See* Report I at 6-8.  The Court need not repeat the Magistrate Judge's discussion here.

Third, Clement maintains he was unaware of any exhaustion requirement.  In Report I, the Magistrate Judge details the applicable exhaustion requirement.  *See* Report I at 5-6.  The Court need not repeat the discussion here.  Suffice it to say Clement's neglecting to exhaust his administrative remedies as to his failure to promote and pay discrimination claims is fatal to those claims.  And, his "failure to exhaust cannot be excused by his ignorance of the law or the grievance policy." *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 222 n.2 (6th Cir. 2011).

For all these reasons, the Court will overrule Clement's objections to Report I.

Turning to SSP's objections, as a preliminary matter, the Court notes they are untimely. Objections to Report I were due on March 18, 2022; but, SSP waited until March 30, 2022, to file them, which was almost two weeks late.

In SSP's objections, it contends the Magistrate Judge erred in allowing Clement's § 1981 hostile work environment claim to survive its initial judicial screening.  It argues these claims are barred by res judicata and fail to state a plausible § 1981 hostile work environment claim.

The Court is of the opinion, however, that these arguments can be best presented to the Court via a motion to dismiss for failure to state a claim, to which Clement will be given an opportunity to respond fully.  Put another way, in this particular case, objections are not the proper forum for

3

consideration of these issues. But, a motion to dismiss for failure to state a claim is. Therefore, the Court will also overrule SSP's objections.

## IV.     REPORT II

The Magistrate Judge filed Report II on March 10, 2022, and Clement filed his objections on March 30, 2022. The Court has carefully reviewed Clement's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

As the Court stated above, the Magistrate Judge recommends in Report II that Clement's two motions to amend his amended complaint be denied. In Clement's untimely-filed objections, he offers nothing more than non-specific objections. As per the law of the Fourth Circuit, this Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Nevertheless, in an abundance of caution, the Court has made a de novo review of Clement's two motions to amend his complaint. But, the Court agrees with the Magistrate: Clement "has failed to make plausible allegations sufficient to state claims under § 1981 for pay discrimination and failure to promote. Accordingly, the plaintiff's motions to amend should be denied." Report II at 2 (citation omitted) (footnote omitted).

Consequently, the Court will overrule Clement's objections to Report II, too.

## V.     REPORT III

The Magistrate Judge filed Report III on June 23, 2022, but neither party filed any objections to it.

4

As the Court observed earlier, in Report III, the Magistrate Judge suggests the Court should deem as moot SSP's motion to dismiss for lack of jurisdiction. The Court agrees. And, neither party appears to disagree. Thus, the Court will deem as moot SSP's motion to dismiss for lack of jurisdiction.

**VI.     CONCLUSION**

After a thorough review of Reports I, II, and III, and the record in this case pursuant to the standards set forth above, the Court overrules the parties' objections, adopts the three Reports, and incorporates them herein. Therefore, it is the judgment of this Court that Clement's § 1981 hostile work claim for the time period February 27, 2020, to February 25, 2022, will go forward, but his failure to promote and pay discrimination claims are **DISMISSED WITH PREJUDICE** and without issuance and service of process; Clement's two motions to amend are **DENIED**; and SSP's motion to dismiss for lack of jurisdiction is **RENDERED AS MOOT**. Clement's motion for a hearing is also **RENDERED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 2nd day of September, 2022, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Clement is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.