

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| ROMAN CLEMENT,<br>    Plaintiff | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 7:22-173-MGL |
| | § | |
| SPARTANBURG STEEL PRODUCTS, INC.,<br>    Defendant. | §<br>§<br>§ | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Roman Clement (Clement) filed this job discrimination action against Defendant Spartanburg Steel Products, Inc. (SSP). Clement is self represented.

The matter is before the Court for review of a Report and Recommendation from the United States Magistrate Judge suggesting SSP's motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 11, 2023. Clement filed two sets of objections: one on December 27, 2023, and the other on December 29, 2023. SSP filed its replies

on January 10, 2024, and January 12, 2024, to which Clement filed two sur-replies on January 17, 2024. SSP filed an amended reply to Clement's objections on February 21, 2024.

Clement filed amended objections on February 9, 2024, and SSP filed its replies on February 23, 2024, to which Clement filed a sur-reply on March 1, 2024. SSP then filed a sur-reply on March 25, 2024. The Court has carefully considered all Clement's objections, as well as his arguments in his other filings, but holds them all to be without merit. It will therefore enter judgment accordingly.

Clement filed an amended complaint alleging hostile work environment, pay discrimination, and failure to promote because of his race, in violation of Section 1981. The Court subsequently dismissed all Clement's claims, except for his Section 1981 hostile work environment claim for the time period of February 27, 2020, through February 25, 2022. Clement filed an appeal of the Court's order, which the Fourth Circuit dismissed. *Clement v. Spartanburg Steel Prods., Inc.*, No. 22-cv-2060, 2023 WL 2610257 (4th Cir. Mar. 23, 2023).

"To succeed on a hostile-work-environment claim a plaintiff must show that there is (1) unwelcome conduct; (2) . . . based on the plaintiff's race; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) . . . is imputable to the employer." *McIver v. Bridgestone Americas, Inc.*, 42 F.4th 398, 407 (4th Cir. 2022) (citation omitted) (internal quotation marks omitted) (alteration marks omitted).

"A hostile-work-environment claim will [succeed only] when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id*. (citation omitted) (internal quotation marks omitted). "Unlike a typical claim of intentional discrimination based on a discrete act, a hostile-work-environment claim's very nature involves repeated conduct." *Id*. (citation omitted) (internal quotation marks omitted).

2

"[P]laintiffs must clear a high bar . . . to satisfy the severe or pervasive test. Workplaces are not always harmonious locales, and even incidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard." *E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008). "Some rolling with the punches is a fact of workplace life." *Id*.

Clements presents three bases for his hostile work environment claim: (1) a nameplate on the employee assignment board that says "N. Hang," which he contends stands for "nigger hang", (2) pay errors based on race, and (3) three alleged racially derogatory statements made by Shannon Barnwell (Barnwell), a SSP manager. The Magistrate Judge suggests the Court grant summary judgment as to the nameplate and pay claims because Clement "has failed to show . . . a reasonable jury could conclude that the N. Hang nameplate or the errors in his pay were based on his race." Report at 10.

Regarding Clement's claim of Barnwell's allegedly racially derogatory remarks, "[c]onsidering the totality of these circumstances, the [Magistrate Judge found] . . . [Clement] has failed to show . . . a reasonable jury could conclude that the alleged conduct was sufficiently severe or pervasive to create an objective hostile work environment." *Id*. at 16. Accordingly, the Magistrate Judge recommends the Court grant the SSP's motion for summary judgment as to this claim, too.

In a stream-of-consciousness-and-often-difficult-to-follow style, Clement argues the Magistrate Judge made a host of errors in some of its pretrial orders and rulings in this case; and the Court should deny SSP's motion for summary judgment. He also makes some other case-related meritless arguments, which the Court need not detail here.

Concerning Clement's claims of error of the Magistrate Judge's pretrial orders, as per Fed. R. Civ. P. 72(a),

3

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

*Id*.

Because Clement failed to timely object to some of the Magistrate Judge's pretrial orders he complains of here, he may "not [now] assign as error a defect in [those] order[s.]" *Id*. As to the objections that are timely, Clement is unable to establish those orders are clearly erroneous or contrary to law. Thus, the Court will affirm all the Magistrate Judge's pretrial orders and rulings Clement says were wrongly decided.

The essence of Clement's objections regarding SSP's motion for summary judgment is the Magistrate Judge got it wrong, which is sufficient to trigger this Court's de novo review. *See Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023) ("[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue."). Thus, the Court has made a de novo review of the record to ensure the Magistrate Judge properly suggested the Court grant SSP's motion for summary judgment. Suffice it to say he did; and thus the Court will.

Inasmuch as the Court agrees with the Magistrate Judge's discussion and analysis, and the Report will be incorporated into this Order, the Court will refrain from repeating the Magistrate Judge's discussion and analysis here.

The rest of Clement's objections are so lacking in merit as to not require discussion.

In sum, the Court holds all Clement's objections to be without merit. Consequently, the Court will overrule them.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Clement's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court SSP's motion for summary judgment is **GRANTED**; and the Magistrate Judge's pretrial orders, which Clement has raised issues with, are **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 26th day of March, 2023, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.